IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

PATRICK JON VAN AKEN            )
                                )
    Plaintiff,                  )
                                )
VS.                             )        No. 16-1013-JDT-cgc
                                )
OBION COUNTY, ET AL.,           )
                                )
    Defendants.                 )

ORDER DIRECTING ENTRY OF JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On January 19, 2016, Plaintiff Patrick Jon Van Aken, who was, at the time, incarcerated at the Obion County Jail in Union City, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) That order also directed Plaintiff to notify the Court immediately, in writing, of any change of address and warned that failure to do so could result in dismissal of the action without further notice. (*Id.* at 3.)

The Court issued an order on February 13, 2018, dismissing the complaint for failure to state a claim but granting leave to amend within thirty days. (ECF No. 5.) Plaintiff was warned that failure to file an amendment would result in the entry of judgment and

assessment of a "strike" pursuant to 28 U.S.C. §1915(g). (*Id.* at 16.) However, that order was returned undeliverable on March 5, 2018. (ECF No. 6.)

Plaintiff has failed to provide the Court with a current address and has failed to file an amended complaint within the time specified; therefore, judgment will be entered in accordance with the order of dismissal.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE